IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | ) | 8:09CV467 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RAYNOR, RENSHAND PFEIFFER | ) | |
| LAW FIRM, MARK FOXHALL, | ) | |
| State Officials (Asst. Jail Dir), | ) | |
| JEFFREY NEWTON, State Officials | ) | |
| (Douglas County Jail Dir.), and | ) | |
| TERRY HADDOCK, State Officials | ) | |
| (Attorney at Law), | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 28, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on December 28, 2009, against Raynor, Renshand Pfeiffer Law Firm and three individuals: Mark Foxhall, Jeffery Newton and Terry Haddock ("Haddock"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Douglas County Correctional Center in Omaha, Nebraska, and is "awaiting trial" for federal crimes in this court. (*See* Docket Sheet; Filing No. 1 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that Haddock, Plaintiff's attorney, wore a "Wire Recorder Device" and "smuggled in a cellphone" when he visited Plaintiff in Jail. (Filing No. 1 at CM/ECF p. 3.) Haddock was ineffective because he used these devices to help the United States build a criminal case against Plaintiff. (*Id*. at CM/ECF pp. 3-4.) Plaintiff asks the court to order Haddock to reimburse him for attorney's fees in the amount of $6,500.00. (*Id*. at CM/ECF p. 6.) Plaintiff also seeks punitive, compensatory and nominal damages in the amount of $500,000.00. (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North*

*Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought.  As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum.  Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement.  *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

Here, Plaintiff alleges that Haddock was ineffective because he wrongfully helped the United States build a criminal case against him.  This allegation necessarily implicates the validity of Plaintiff's current confinement and his pending federal criminal proceeding.  As set forth above, the court cannot address this claim in an action brought pursuant to 42 U.S.C. § 1983.  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.    Plaintiff's Motion to Amend Defendants (filing no. 8) is denied as moot.

3.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of March, 2010.

BY THE COURT:


s/ Joseph F. Bataillon_____
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.